## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHAWNTA L. BROWN, | : | CIVIL ACTION NO. 3:24-CV-1266 |
| | : | |
| Petitioner | : | (Judge Neary) |
| | : | |
| v. | : | |
| | : | |
| WARDEN OF FPC-LEWISBURG, | : | |
| | : | |
| Respondent | : | |

## MEMORANDUM

This is a habeas corpus case filed under 28 U.S.C. § 2241. Petitioner, Shawnta

L. Brown, argues that the United States Bureau of Prisons ("BOP") has improperly

deemed him ineligible for time credits under the First Step Act ("FSA"). The

petition will be denied.

### I.    Factual Background & Procedural History

Brown is serving a 248-month sentence of imprisonment imposed by the

United States District Court for the Western District of New York for conspiracy to

possess and distribute five kilograms or more of cocaine in violation of 21 U.S.C. §

846(a)(1) and possession of a firearm in furtherance of a drug trafficking crime in

violation of 18 U.S.C. § 924(c)(1)(A). (Doc. 7-2 at 1). He is currently housed in the

Lewisburg Federal Prison Camp ("FPC-Lewisburg") in Lewisburg, Pennsylvania.

Brown filed his petition for writ of habeas corpus on July 20, 2024, and it was

received and docketed on July 29, 2024. (Doc. 1). Brown asserts that the BOP has

improperly deemed him ineligible for time credits under the FSA and seeks a writ

of habeas corpus compelling the BOP to deem him eligible for time credits and

apply such credits to his sentence. (Id.) The case was initially assigned to United States District Judge Malachy E. Mannion. Respondent responded to the petition on August 26, 2024, arguing that the petition should be denied because Brown failed to exhaust administrative remedies and because he is statutorily ineligible for time credits under the FSA. (Doc. 7). Brown filed a reply brief on September 5, 2024, making the petition ripe for review. (Doc. 6). The case was reassigned to the undersigned on January 21, 2025.

II.    **Discussion**

The FSA allows eligible inmates who successfully complete "evidence-based recidivism reduction programs" ("EBRRs") or productive activities ("PAs") to receive earned time credits to be applied toward time in pre-release custody or supervised release. 18 U.S.C. § 3632(d)(4)(A). An inmate may earn ten days of credit for every thirty days of successful participation. Id. Eligible inmates who have been assessed at a minimum or low risk of recidivism who do not increase their risk of recidivism over two consecutive assessments may earn an additional five days of credit for every thirty days of successful participation. Id.

Inmates who have been convicted of certain enumerated offense are ineligible to receive credits under the FSA. See 18 U.S.C. § 3632(d)(4)(D). Among other offenses, if a petitioner has been convicted of "unlawful possession or use of a firearm during and in relation to any crime of violence or drug trafficking crime" in violation of 18 U.S.C. § 924(c), he is ineligible to receive time credits under the FSA. 18 U.S.C. § 3632(d)(4)(D)(xxii).

Brown is serving consecutive sentences for possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c) and another offense. (See Doc. 7-2 at 1). Based on his Section 924(c) conviction, the BOP has deemed him ineligible for FSA time credits.

Brown argues that he should not be deemed ineligible for FSA credits because his conviction should not be considered a crime of violence. (Doc. 1 at 1). Section 3632(d)(4)(D)(xxii), however, bars an inmate from receiving FSA time credits if he has been convicted of "unlawful possession or use of a firearm during and in relation to any crime of violence *or* drug trafficking crime." (18 U.S.C. § 3632(d)(4)(D)(xxii) (emphasis added). Thus, it is immaterial whether his conviction qualifies as a crime of violence: he is barred from receiving FSA credits because he was convicted of possession of a firearm in furtherance of a drug trafficking crime.

Brown additionally argues that it is improper for the BOP to deem him ineligible for FSA time credits because his Section 924(c) sentence is being served consecutively with his other sentence, and thus he should only be deemed ineligible to receive FSA time credits for the number of months for which he is serving a sentence for his Section 924(c) conviction. (Doc. 8).

Brown is incorrect. Under 18 U.S.C. § 3584(c), "multiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment." 18 U.S.C. §

3584(c).[1] The petition will accordingly be denied because the BOP has correctly deemed Brown ineligible for FSA credits because he is serving a sentence for possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c).[2]

### III.    Conclusion

The petition for writ of habeas corpus is denied. An appropriate order shall issue.

/S/ KELI M. NEARY
Keli M. Neary
United States District Judge
Middle District of Pennsylvania

Dated:      September 22, 2025

---

[1] Brown repeatedly notes that the Chevron doctrine has been overruled and that federal courts no longer defer to agency interpretations of ambiguous statutes. (Docs. 1, 8). But the Chevron doctrine is irrelevant in this case. The relevant statutes are not ambiguous and clearly bar Brown from receiving FSA time credits. This conclusion is not altered by Loper Bright Enters. v. Raimondo, 603 U.S. 369 (2024).

[2] The court does not address respondent's alternative argument that Brown failed to exhaust administrative remedies.